IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER DUGGAN,
   *et al.*,

      Plaintiffs,

  vs.

THE VILLAGE OF
NEW ALBANY,
   *et al.*,

      Defendants.

Case No. C2-08-814
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion for reconsideration of the Magistrate Judge's Opinion and Order denying their motion to bifurcate and stay discovery. For the reasons that follow, the motion is **DENIED**, and the Opinion and Order of the Magistrate Judge is **AFFIRMED** in all respects.

I.

Plaintiff, Christopher Duggan, alleges that Defendant, Steven Mowery, a former police officer for the Village of New Albany, violated his civil rights under 42 U.S.C. § 1983. Christopher, a minor at the time of the incidents that allegedly gave rise to this case, asserts that Mowery used excessive force and intentionally committed an assault and battery when the officer "brake-checked" him after being placed into custody in the back of a cruiser on suspicion of a curfew violation. Plaintiffs asserts that New Albany and its police chief were responsible for

enabling Officer Mowery's actions through their policies and procedures, and they engaged in a sham investigation that resulted in the loss or destruction of evidence. Defendants deny all these allegations.

After discovery began, Defendants, the Village of New Albany and Police Chief Mark Chaney moved to bifurcate Plaintiffs' claims against them from the claims against Officer Mowery. Plaintiffs contend that the Court must first determine whether Officer Mowery violated Christopher's civil rights before it may turn to the issue of Village of New Albany's liability. Plaintiffs submit that, if the Court determines that Officer Mowery did not violate Christopher's rights, New Albany will not have to defend against a municipal liability claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In Defendants' view, the Court should defer any discovery on the *Monell*- municipal liability claims until it resolves the underlying question of whether the Officer Mowery actually assaulted Christopher.

By Opinion and Order of Magistrate Judge Kemp, the Court denied the motion. Magistrate Judge Kemp held that a variance from the usual course of discovery is not warranted in this case, and left for later disposition by the undersigned the issue of whether the trial should be bifurcated. Defendants timely objected to the decision.

## II.

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders issued by a magistrate judge on non-dispositive matters. When a party lodges an objection to a magistrate judge's report and recommendation, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A finding is

"clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001)(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)). To establish that a magistrate judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).

### III.

The Court has considered the arguments made by counsel, the cases cited by the parties, and the opinions and analysis of the Magistrate Judge in his Opinion and Order. The Court finds no part of the Magistrate Judge's decision is contrary to law. The Magistrate Judge noted that the decision to bifurcate is a discretionary one. He reviewed the relevant cases cited by Defendants in support of their request to stay discovery and bifurcate, and thoroughly examined the authority that supported his ultimate determination that a stay of discovery and bifurcation would be inappropriate. While Defendants suggest that the cases cited in the Opinion and Order are somewhat distinguishable from the facts in this matter, they have not established that the Magistrate Judge's decision ignores or contradicts relevant precepts of law. Moreover, Defendants disregard the import of Plaintiffs' non-*Monnell* claims against Chief Chaney and New Albany for their role in conducting a purported sham investigation.

In particular, Magistrate Judge Kemp examined *Brunson v. City of Dayton*, 163 F. Supp.2d 919 (S.D. Ohio 2001) and *Wells v. City of Dayton*, 495 F.Supp.2d 793 (S.D. Ohio 2006). He concluded that these cases do not, as Defendants suggest, compel the conclusion that courts in this

judicial district routinely order bifurcation of municipal liability claims from the individual capacity claims for constitutional torts. He noted, and the Court agrees, that these cases discount the possibility that two trials would occur and credit the possibility that the city would indemnify any officer held liable in the first trial. Magistrate Judge Kemp analyzed and applied such cases as *Owensby v. City of Cincinnati*, 385 F.Supp. 626 (S.D. Ohio 2004), *McCoy v. City of New York*, 2008 WL 3884388 (E.D.N.Y. Aug. 13, 2008), and *Elrod v. City of Chicago*, 2007 WL 3241352 (N.D. Ill., Nov. 1, 2007), each of which found that bifurcating trial between individual and municipal liability grounds should, at bottom, promote concepts of judicial efficiency. These cases are not so readily distinguishable, as Defendants suggest, as to render the Magistrate Judge's decision contrary to law, particularly in the discretionary realm of matters related to bifurcation of discovery.

The Court finds that the Magistrate Judge properly took into account the benefits and detriments that a stay would impose on each party's interests. He weighed the Court's interest in reaching a just, speedy and efficient resolution of the issues. As for bifurcation, generally, the Court agrees that the undersigned will be in a better position to measure the potential overlap of evidence and witnesses before deciding whether bifurcation of the case is appropriate. Moreover, the Court concurs with the conclusion that a stay of discovery in this case might substantially lengthen the litigation process by requiring Plaintiffs to conduct discovery and proceed to trial against the individual officer before commencing discovery against the municipality. Furthermore, the Court finds significant that much of the discovery propounded to from New Albany addresses not just to the matter of municipal liability under *Monell*, but also is targeted towards Christopher's post-arrest investigation, the purported cover-up or destruction of evidence, and the

scope of Chief Chaney's involvement in those events, all of which would still be relevant even if discovery on the *Monell* claim were deferred.

Finally, the Court is convinced that its independent authority to protect Chief Chaney and New Albany against overly burdensome discovery is sufficient to prevent Plaintiffs' municipal-liability claims from overwhelming an otherwise limited case. Indeed, the Court has recently granted a motion to quash a subpoena issued to New Albany's law director. (9/22/09, Doc. 50.) Assuming Defendants meet their burden of demonstrating an undue burden, the Court has demonstrated its willingness to intervene as justice and the circumstances require.

## IV.

For the foregoing reasons, Defendants' motion for reconsideration of the Magistrate Judge's Opinion and Order denying their motion to bifurcate and stay discovery is **DENIED**. The Opinion and Order of the Magistrate Judge (Doc. 38) is **AFFIRMED** in all respects.

**IT IS SO ORDERED.**

12-15-2009
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**